```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN MARSHALL,

                        Plaintiff,

        -against-                                                    MEMORANDUM & ORDER

SELMALEE GRANT a/k/a SELMALEE
KAUFMAN, ELLEN GRANT a/k/a                                           Civil Action No.  06-5358
ELLEN GRANT MARSHALL, SUSAN                                          (DRH) (MLO)
GRANT a/k/a SUSAN GRANT TURNICK,
NORMAN GRANT ASSOCIATES, INC.,
NORMAN GRANT ASSOCIATES, THE
ESTATE OF NORMAN GRANT, DECEASED,
BY SELMALEE GRANT, EXECUTRIX,

                        Defendants.
----------------------------------------------------------------X
```

**APPEARANCES:**

**For the Plaintiff:**
**Law Offices of Thomas F. Liotti**
600 Old Country Road, Suite 530
Garden City, New York 11530
By: Thomas F. Liotti, Esq.

**For the Defendants:**
**Lynn & Gartner LLP**
330 Old Country Road, Suite 103
Mineola, New York 11501
By: Kenneth L. Gartner, Esq.

**HURLEY, Senior District Judge:**

Plaintiff, John Marshall ("Plaintiff" or "Marshall"), commenced this action asserting claims of fraud, fraudulent concealment, breach of fiduciary duty and unjust enrichment against the Defendants. Presently before the Court is Defendants' motion to dismiss the complaint on

the grounds that (1) the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, or (2) the claims are subject to dismissal under Rule 12(b)(6) as barred by res judicata. For the reasons set forth below, the motion to dismiss is granted.

## *Background*

Plaintiff asserts that he has been injured as a result of an elaborate scheme, based in a state court divorce proceeding. Named as defendants in this case are Plaintiff's ex-wife, Ellen Grant ("Grant"), and Grant's mother, Selmalee Grant ("Selmalee"), and sister, Susan Grant ("Susan") (Grant, Selmalee and Susan are collectively referred to as the "Individual Defendants"), as well as a business owned by Grant and her family, Norman Grant Associates, Inc. a/k/a Norman Grant Associates, Ltd ("NGA"). The relevant allegations contained in the complaint are as follows: During the course of the matrimonial trial of Marshall and Grant, the Individual Defendants gave perjured testimony concerning, inter alia, the incorporation of NGA. Compl. ¶¶ 5, 6, & 9. As a result of this perjured testimony, the trial judge determined that Grant had a separate property interest in NGA. *Id*. at ¶ 9. "But for the individual defendants' trial perjury, the entire value of Ellen Grant's portion of the sales price of [NGA], $1,000,000.00 would have been evaluated as marital property subject to equitable distribution." *Id*. at ¶ 10. Instead, the trial court included only $548,218.00 resulting in Plaintiff being damaged in the amount of $451,782.00. *Id*. at ¶ 60, 69. In addition, Plaintiff was damaged by Selmalee Grant's trial perjury in 2001 that resulted in a judgment being entered against Plaintiff in the sum of

$54,500.00. *Id*. at ¶ 5.[1]

Count Two alleges that the Individual Defendants breached a confidential relationship with the Plaintiff by failing to tell him of their fraudulent conduct concerning their ownership of NGA and concealing the fact that no estate tax has been paid by them for the market value of NGA upon the death of Norman Grant. *Id*. at ¶ 162-166. As a result of the alleged fraudulent concealment of the method by which the Individual Defendants acquired ownership of NGA, Plaintiff was damaged. Count Three alleges that the Individual Defendants conspired to breach their fiduciary duty to Plaintiff by failing to "state truthful statements" about their ownership of NGA. *Id*. at ¶ 171. Count Four alleges the Individual Defendants were unjustly enriched because Ellen Grant had her financial interest in NGA adjudged to be separate property. It is asserted that if the Individual Defendants had testified truthfully in the matrimonial action, Grant's entire financial interest in NGA would have been held to be marital property. (*Id*. at ¶ 176-178.)

## *Discussion*

**I. Standard**

    A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under [Rule] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Reserve Solutions Inc. v. Vernaglia*, 438 F.

---

[1] It is unclear from the complaint whether the $54,500.00 judgment was entered in the matrimonial action or some other action. Marshall does not mention this judgment in his ad damnum clause and asks for no relief with respect thereto.

Supp. 2d 280, 286 (S.D.N.Y. 2006). In contrast to the burden on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* A district court may consider evidence outside the pleadings when resolving a challenge to the court's subject matter jurisdiction. *Filetech S.A. v. France Telecom S.A,,*157 F.3d 922, 932 (2d Cir. 1998); *see also Flores v. S. Peru Copper Corp.*, 414 F.3d 233, 255 n.30 (2d Cir. 2003).

B. Rule 12(b)(6)

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6). In *Bell Atl. Corp. v. Twombly*, – U.S.–, 127 S. Ct. 1955 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. The *Twombly* Court stated that this language "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly,* 127 S. Ct. at 1969. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss
> does not need detailed factual allegations, a plaintiff's obligation to

4

> provide the grounds of his entitlement to relief requires more than
> labels and conclusions, and a formulaic recitation of the elements
> of a cause of action will not do. Factual allegations must be
> enough to raise a right to relief above the speculative level, on the
> assumption that all the allegations in the complaint are true (even if
> doubtful in fact).

*Id.* at 1964-65 (citations and internal quotation marks omitted).

The Second Circuit has stated that *Twombly* does not require a universally heightened standard of fact pleading, but "instead requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). In other words, *Twombly* "'require[s] enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, – F.3d –, No. 06-3128-CV, 2007 WL 2471805, at *2 (2d Cir. Sept. 4, 2007) (quoting *Twombly*, 127 S. Ct. at 1974).[2] As always, the Court must "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *ATSI Commcn's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

In deciding a 12(b)(6) motion, a court may consider documents referenced in the complaint, as well as documents that the plaintiff relied upon in bringing the complaint and matters of which judicial notice may be taken. *See Chambers v. Time Warner*, 282 F.3d 147, 153 (2d Cir. 2002); *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002); *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

---

[2] Although *Twombly* did not make clear whether the plausibility standard applies beyond the antitrust context, the Second Circuit has "declined to read *Twombly's* flexible 'plausibility standard' as relating only to antitrust cases." *ATSI Commcn's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n.2 (2d Cir. 2007).

5

## II. *Rooker-Feldman*

*Rooker-Feldman* establishes the principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). The doctrine evolved from the Supreme Court decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), which, taken together, stand for the principle that "lower federal courts lack jurisdiction to engage in appellate review of state-court determinations." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 21 (1987) (Brennan, J., concurring). The Supreme Court's most recent pronouncement on the doctrine explained that *Rooker-Feldman* "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting the district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In this Circuit, courts must make four determinations before applying the doctrine. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). First, the federal court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced." *Id.* at 85. The first and fourth requirements are procedural, whereas the second and third are substantive. *Id.* If all four requirements are met, federal subject matter jurisdiction is barred by *Rooker-Feldman*.

The first and fourth requirements are easily disposed of in this case. Plaintiff lost in state court and this action was commenced after the completion of the state court proceeding. However, the second and third factors require more discussion.

The third factor is whether Plaintiff invites review and rejection of the state-court judgment. Marshall professes that he has elected "to live with his judgment of divorce." Pl.'s Mem. at 15. However, a thorough reading of the complaint, as well as the papers submitted by Plaintiff on this motion, makes clear that he is seeking review and rejection of that judgment. For example, Marshall states:

> The individual defendants' perjury at the 2000 matrimonial trial concerning their alleged 1974 incorporation of [NGA] resulted in the trial judge determining that Ellen Grant had a separate property interest in that corporation . . . . But for the individual defendants' trial perjury, the entire value of Ellen Grant's portion of the sales price of Norman Grant Associates Inc., $1,000,000.00 would have been evaluated as marital property subject to equitable distribution. Instead, the trial court included $548,218.00 in equitable distribution. . . . Plaintiff has been damaged in the sum of $451,782.00 with interest . . . . Plaintiff has also been damaged by [Selmalee's] trial perjury in 2001 that resulted in a judgment being entered against him in the sum of $54,500.00 with interest . . . ."

Pl.'s Mem. at 5. But *Rooker-Feldman* does not apply merely because a plaintiff seeks a result opposed to the one he achieved in state court. *See Exxon Mobil*, 544 U.S. at 293 (stating a non-barred claim may "deny a legal conclusion reached by the state court"). As the *Hoblock* Court stated, the key to *Rooker-Feldman* is the second requirement. *Hoblock*, 422 F.2d at 87.

The second factor is whether the plaintiff is complaining of injuries caused by a state court judgment. It is consideration of this factor - "the core requirement from which the others

derive"[3] -that leads this Court to conclude that *Rooker-Feldman* does not bar jurisdiction in this Court. Marshall claims that the cause of his injury was Defendants' actions - their alleged perjury, fraud and misrepresentations. These are the type of claims held by the *Exxon Mobil* Court to be independent from the state judgment because they allege fraud in the procurement of the judgment and not just that the state court issued an incorrect opinion. *See Exxon Mobil*, 544 U.S. at 293. *Accord, MacPherson v. State St. Bank & Trust Co.*, 452 F. Supp. 2d 133, 140 (holding *Rooker-Feldman* does not apply where the alleged cause of Plaintiff's injury is Defendant's misrepresentations).

That Marshall is not complaining of injuries caused by a state court judgment is made clear by consideration of the following discussion by the Second Circuit in *Hoblock*:

> [B]y focusing on the requirement that the state-court judgment be the source of the injury, we can see how a suit asking a federal court to "deny a legal conclusion" reached by a state court could nonetheless be independent for *Rooker-Feldman* purposes. Suppose a plaintiff sues his employer in state court for violating both state anti-discrimination and Title VII and loses. If the plaintiff then brings the same suit in federal court, he will be seeking a decision from the federal court that denies the state court's conclusion that the employer is not liable, but he will not be alleging injury from the state judgment. Instead, he will be alleging injury based on the employer's discrimination. The fact that the state court chose not to remedy the injury does not transform the subsequent federal suit on the same matter into an appeal, forbidden by *Rooker-Feldman*, of the state-court judgment.
> . . .
> The following formula guides our inquiry: a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by the state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.

---

[3] *Hoblock*, 422 F.3d at 87.

422 F.3d at 87-88 (footnote and brackets omitted). In this case, Defendants' actions were not produced by the state court judgment. Rather, they may be said to have been "ratified, acquiesced in, or left unpunished by it." *See id.* Accordingly, the Court concludes that it does not lack jurisdiction under *Rooker-Feldman.*

### III. Res Judicata

Res judicata bars a party from asserting claims that either are (1) duplicative of the claims between the parties that were previously decided on the merits, or (2) claims that arise out of the same facts as claims between the same parties that were previously decided on the merits. *See Northern Assur. Co. v. Square D. Co.*, 201 F.3d 84, 87 (2d Cir. 2000). Res judicata bars parties from relitigating the same cause of action, as well as "prevents litigation of a matter that could have been raised and decided in a previous suit, whether or not it was raised." *Murphy v. Gallagher*, 761 F.2d 878, 879 (2d Cir. 1985).

Res judicata will apply when three requirements are met: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; and (3) the claims asserted in the subsequent action were or could have been raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001). *See Hoblock*, 422 F.3d at 94. These requirements have been met in this case.

The first two elements require little discussion. First, the previous action involved an adjudication on the merits. A trial was held and Judge Jonas issued a judgment. Second, Marshall and Ellen Grant were both parties in the matrimonial action. The remaining defendants are in privity with Ellen Grant. *Cf. Levy v. United States*, 776 F. Supp. 831, 834-35 (S.D.N.Y. 1991).

9

Turning to the third element, the Court must start with a recitation of Marshall's basic claim in this case. According to Marshall, as a result of Defendants' fraud, misrepresentation and perjury, the state court included as marital property subject to equitable distribution only $548,218.00, representing only a portion of Ellen Grant's interest in NGA. In the absence of Defendants' misconduct, it is claimed that $1,000,000.00, representing the entire portion of Ellen Grant's interest in NGA, would have been evaluated as marital property subject to equitable distribution. As a result of the Defendants' misconduct Marshall asserts he received less than he was entitled to receive. The issue of Ellen Grant's interest in NGA and whether it was marital property was litigated in and decided by Judge Jonas in the matrimonial action in state court. *See* Compl. at Ex. 6. Marshall's assertions that the state court judgment was procured by perjury and misrepresentations does not take the claims asserted in this case out of the purview of res judicata. *See Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 122 (2d Cir. 2007) (new factual allegations are insufficient to undermine preclusive effect of earlier judgment); *Campaniello Imports, Ltd. v. Saporiti Italia, S.p.A.*, 117 F.3d 655, 661-63 (2d Cir. 1997) (holding district court properly dismissed as barred by res judicata an independent action for recision of prior judgment on the basis of fraud). Indeed, the law in New York is that "[t]he remedy for fraud allegedly committed during the course of a legal proceeding must be exercised in that lawsuit by moving to vacate the civil judgment (CPLR 5015(a)(3)), and not by another plenary action collaterally attacking that judgment." *St. Clement v. Londa*, 8 A.D.3d 89, 90 (1st Dept. 2004); *see Vinokur v. Penny Lane Owners Corp.*, 269 A.D.2d 226, 226 (1st Dept. 2000) (holding action was properly dismissed as claim that warrant of eviction was fraudulently obtained should have been raised, by motion pursuant to CPLR

5015, in proceeding that resulted in the issuance of the warrant).

The motion to dismiss the complaint on the ground of res judicata is granted.

### *Conclusion*

Defendants' motion to dismiss this case is granted. The Clerk of Court is directed to close this case.

Dated: Central Islip, New York
      November 6, 2007

/s/
Denis R. Hurley
Senior District Judge